Bissell, P. J.,
delivered the opinion of the court.
The determination of this case is entirely dependent upon the construction of section 7 of the Lien Act as contained in the General Statutes of 1888, and amended in the Session Laws of 1889. The matter is without importance, save for the par *272 ties in interest, because the amendment, through which if at all the asserted rights are derived, was repealed by the Session Laws of 1891 (page 260). This repeal removes the necessity for an elaborate discussion of the statute, and relieves us of the labor of establishing a carefully prepared precedent by whicli future contracts can be controlled. In 1888, The Resumption Company was the owner of the property on which the labor was performed by the plaintiff Gardner. In July of that year, the company made a lease and bond of their property to one Tabor, who entered into possession thereunder and began his work according to the terms of the agreement. Tabor remained in possession until May, 1889, when he assigned all his interest in the contract to the Ni-Wot Mines Company, Limited. The Ni-Wot Company appears to have gone into possession and begun their work, and carried on the operations according to the scheme of their organization, and the terms of their interest in the property. The act of 1889, under which the plaintiff asserts his right, was passed in the session of that year; but by its terms took effect early in July — ninety daj^s after its passage under the general law. The particular work of which the price is the subject-matter of the suit was performed in the month of August and subsequently thereafter. The amended section as it stood in the act of 1889 gave to persons who did work upon mining property, which was being operated by lessees, or persons holding title under an option of purchase, a lien for their labor, unless the owner filed for record in the recorder’s office of the proper county, “ before the commencement of work under the lease or option,^ a notice that the property was being worked under the terms of one of the agreements specified in the act. It is conceded that no notice was filed by The Resumption Company, that the work was done by the plaintiff, according to his allegations, that the price was not paid, and that the proceedings for the enforcement of the lien were entirely regular. The company answered, setting up generally the execution of the lease and bond and the acts of the parties thereunder, substantially presenting as a defense *273 the proposition that, since the lease and option were executed, and work commenced long prior to the passage of the act, the plaintiff had no cause of action against the owners of the property. The plaintiff demurred and from the judgment of the court sustaining the demurrer, took an appeal to this court. The demurrer was properly sustained. There is no general principle of law which would justify a recovery by the plaintiff, and he is entirely dependent for his remedy upon some right conferred by the lien statute, and if he fails to demonstrate the existence of any remedy thereunder he must be manifestly remediless. It is wholly unnecessary for the court to put itself on either side of the question — whether lien statutes are in derogation of the common law and therefore to be strictly construed, or whether they are wholly remedial in their character, and confer rights upon a deserving class of people, and consequently are to be liberally construed to accomplish their evident purpose. Neither the phraseology of the statute, nor the general principles of statutory construction permit us to reach a conclusion, which will justify the action. It is a matter of common learning, as a general proposition, that a statute cannot be given a retroactive effect, and be made operative to affect rights and interests vested prior to its enactment. The construction for which the plaintiff contends would work a violation of this very well settled principle. The rights of The Resumption Company and the lessee, Tabor, and those of his assignee the Ni-Wot Company, were all fixed and determined by the terms of their contract prior to the enactment of the statute under consideration. The lessee took his estate subject only to the terms and conditions of the agreement between the parties, and the lessor parted with his possession and title, subject to no right on the part of the lessee to affect his reversion save under and in accordance with their convention and the existing law. To hold otherwise would be to subject the estate of the reversioner to divestment by the acts of the lessee, to which the owner had neither impliedly nor expressly consented But the language of the act itself does not permit *274 this construction. The notice which the owner is required to file must be filed before the commencement of work under the lease. It was evidently impossible for the owners to comply with this act, since for fifteen months prior to-the doing of the work, which is the subject-matter of the suit, the lessee and his assignees had been in possession, carrying on the general operations of the company. It would be a forced construction to-hold that the words “before the commencement of work ” related only to the doing of the particular work which is the subject-matter of the suit. The evident purpose of the statute was to make the lease, the notice and the statute parts of an agreement to be treated legally as concurrently executed, so that all the world should have constructive, if not actual, notice that the lease under which the parties went into possession was subject to the limitations of the statute, and that for nothing done under it could the property be held responsible. We are clearly of the opinion that the statute does not warrant the construction contended for, and that, under the conceded facts, the plaintiff was without a cause of action.
The judgment of the court below was right and will be affirmed.

Affirmed.